CLARK HILL LLP
Paul Schmeltzer (SBN 304114)
pschmeltzer@clarkhill.com
555 South Flower Street
24th Floor
Los Angeles, CA 90071
Telephone:  (213) 891-9100
Facsimile:   (213) 488-1178

Peter T. Berk (Pro Hac Vice forthcoming)
IL ARDC No. 6242515
pberk@clarkhill.com
130 E. Randolph
Suite 3900
Chicago, IL 60601
Telephone: (312) 985-5900
Facsimile:  (312) 985-5999

Attorneys for Defendant GENERATION GENIUS, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER GRABOW, ON BEHALF OF HER MINOR CHILD, M.O., AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>GENERATION GENIUS, INC.<br><br>Defendant. | Case No. 2:25-cv-3332-PA-MBK<br><br>**DEFENDANTS' NOTICE OF MOTION AND RULE 12 MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF PAUL SCHMELTZER**<br><br>Judge:    Percy Anderson<br><br>Trial Date: |

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S CLASS ACTION
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**NOTICE OF MOTION AND COMBINED RULE 12 MOTION**

PLEASE TAKE NOTICE that on November 3, 2025, at 1:30pm, or as soon thereafter as the matter may be heard, before the Honorable Percy Anderson, in Courtroom 9A of the above-entitled Court, located at First Street Courthouse, 350 W. First Street, Los Angeles, CA 90012, Defendant Generation Genius, Inc. ("Generation Genius") moves to dismiss the Class Action Complaint under Rules 12(b)(1) and 12(b)(6). This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, all pleadings and papers on file, and such further argument as the Court may permit.

Dated:  September 29, 2025          CLARK HILL LLP


By:  _____
        Paul Schmeltzer
Attorney for Defendant GENERATION GENIUS, INC.

# <u>TABLE OF CONTENTS</u>

INTRODUCTION ............................................................................................... 1

FACTS ............................................................................................................... 2

ARGUMENT...................................................................................................... 3

    I.      PLAINTIFF LACKS ARTICLE III STANDING ............................... 3

        A.     Applicable Standards under Rule 12(b)(1) .................................. 3

        B.     Grabow Has Not Sufficiently Alleged An Injury in Fact................................................................................................. 6

    II.     PLAINTIFF FAILS TO SUFFICITNTLY STATE HER CLAIMS ............................................................................................. 8

        A.     Applicable Standard under Rule 12(b)(6) ................................. 8

        B.     Grabow Fails to Adequately Allege a VPPA Violation ................................................................................... 8

        C.     Grabow Fails to Adequately Allege a CIPA § 631(a) Violation ....................................................................... 10

             1.     Clauses One Through Three Do Not Apply.................. 10

             2.     The Fourth Clause Is Not Plausibly Pled ..................... 11

                  a.     No facts showing the required intent/knowledge................................................. 11

                  b.     No adequately pled underlying violation .............................................................. 12

        D.     Plaintiff's ECPA Claim Fails As A Matter Of Law ................ 14

             1.     No Plausible "Interception" "In Transit" ..................... 14

             2.     Plaintiff Fails to Plead the Transmission of "Contents" .................................................................... 15

             3.     The Party Exception Bars the Claim.............................. 15

i                            CASE NO:2:25-CV-3332-PA-MBK

E.    Plaintiff's Intrusion Upon Seclusion (Count II) Fails...............................................................17

    1.    No Legally Protected Privacy Interest ...........................17

    2.    No Egregious Invasion Occurred ...................................18

F.    Plaintiff's Negligence (Count V) Fails.....................................19

G.    Plaintiff's Breach of Implied-in-Fact Contract (Count VI) Fails.......................................................................20

H.    Plaintiff's Unjust Enrichment / Restitution (Count VII) Fails.......................................................................21

CONCLUSION.................................................................................22

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*A.B. by & Through Turner v. Google LLC*,
  737 F. Supp. 3d 869 (N.D. Cal. 2024) ........................................ 19, 20

*Aas v. Superior Court*,
  24 Cal. 4th 627 (2000)........................................................................ 20

*Adams v. Johnson*,
  355 F.3d 1179 (9th Cir. 2004) .............................................................. 8

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ....................................................................... 8, 10

*Astiana v. Hain Celestial Grp., Inc.*,
  783 F.3d 753 (9th Cir. 2015) .............................................................. 22

*Aton Ctr., Inc. v. United Healthcare Ins. Co.*
  93 Cal.App.5th 1214 (2023)............................................................... 21

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................. 8

*Brodsky v. Apple, Inc.*,
  445 F. Supp. 3d 110 (N.D. Cal. 2020) ............................................... 16

*Bustamante v. Intuit, Inc.*,
  141 Cal. App. 4th 199 (2006)............................................................. 22

*Byars v. Sterling Jewelers*,
  2023 WL 2996686 (C.D. Cal. 2023) .................................................... 5

*Campbell v. Facebook, Inc.*,
  951 F.3d 1106 (9th Cir. 2020).............................................................. 7

*Caro v. Weintraub*,
  618 F.3d 94 (2d Cir. 2010) ................................................................. 17

*Castillo v. Costco*,
  2024 WL 4785136 (W.D. Wash. Nov. 14, 2024) ......................... 14, 15

iii

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

*Crano v. Sojern, Inc.*,
  2025 WL 2689267 (N.D. Cal. Sept. 19, 2025).........................................13

*Division of Labor Law Enforcement v. Transpacific Transportation Co.*
  69 Cal.App.3d 268 (1977) ......................................................................21

*Eichenberger v. ESPN, Inc.*,
  876 F.3d 979 (9th Cir. 2017) .................................................................10

*Ellis v. Cartoon Network, Inc.*,
  803 F.3d 1251 (11th Cir. 2015) ................................................................9

*Esparza v. Gen Digital, Inc.*,
  2024 WL 655986 (C.D. Cal. Jan. 16, 2024)............................................13

*Esparza v. UAG Escondido A1 Inc.*,
  2024 WL 559241 (S.D. Cal. Feb. 12, 2024) ...........................................12

*In re Facebook Internet Tracking Litig.*,
  263 F. Supp. 3d 836 (N.D. Cal. 2017) ...................................................11

*In re Facebook, Inc. Internet Tracking Litig.*,
  956 F.3d 589 (9th Cir. 2020) ...................................................................7

*Fayer v. Vaughn*,
  649 F.3d 1061 (9th Cir. 2011) (*per curiam*) ...........................................8

*Food Drug Admin. v. Alliance for Hippocratic Medicine*,
  602 U.S. 367 (2024) .................................................................................3

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*,
  528 U.S. 167 (2000) .................................................................................4

*Gaos v. Google Inc.*,
  2012 WL 1094646 (N.D. Cal. Mar. 29, 2012) .........................................4

*In re Google Assistant Privacy Litig.*,
  457 F. Supp. 3d 797 (N.D. Cal. 2020) ...................................................11

*In re Google Cookie Placement Consumer Privacy Litig.*,
  806 F.3d 125 (3d Cir. 2015) ...................................................................17

CASE NO:2:25-CV-3332-PA-MBK

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

*Graham v. Noom, Inc.*,
   533 F. Supp. 3d 823 (N.D. Cal. 2021) ................................................. 11

*Greenstein v. Noblr Reciprocal Exch.*,
   2022 WL 17418972 (N.D. Cal. Dec. 5, 2022), *aff'd*, 2024 WL
   3886977 (9th Cir. Aug. 21, 2024) ......................................................... 8

*Guz v. Bechtel Nat'l, Inc.*,
   24 Cal. 4th 317 (2000) ........................................................................ 21

*Hernandez v. Hillsides, Inc.*,
   47 Cal. 4th 272 (2009) ........................................................................ 18

*Hill v. Nat'l Collegiate Athletic Ass'n*,
   7 Cal. 4th 1 (1994) ........................................................................ 18, 19

*Hubbard v. Google LLC*,
   2024 WL 3302066 (N.D. Cal. July 1, 2024) ....................................... 20

*In re iPhone Application Litig.*,
   844 F. Supp. 2d 1040 (N.D. Cal. 2012) .......................................... 18, 19

*Khamooshi v. Politico LLC*,
   2025 WL1408896 (N.D. Cal. May 13, 2025) ........................................ 5

*Konop v. Hawaiian Airlines, Inc.*,
   302 F.3d 868 (9th Cir. 2002) ............................................................... 15

*Lakes v. Ubisoft, Inc.*,
   777 F. Supp. 3d 1047 (N.D. Cal. 2025), *appeal filed* (May 2, 2025) ............... 17

*Licea v. Am. Eagle Outfitters, Inc.*,
   2023 WL 2469630 (C.D. Cal. Mar. 7, 2023) ....................................... 11

*Licea v. Am. Eagle Outfitters, Inc.*,
   659 F. Supp. 3d 1072 (C.D. Cal. 2023) ............................................... 13

*Lightoller v. JetBlue Airways Corp.*,
   2023 WL 3963823 (S.D. Cal. June 12, 2023) ........................................ 5

*Low v. LinkedIn Corp.*,
   900 F. Supp. 2d 1010 (N.D. Cal. 2012) ............................................... 21

v                                    CASE NO:2:25-CV-3332-PA-MBK

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S CLASS ACTION
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

*Martin v. Sephora USA, Inc.*,
  2023 WL 2717636 (E.D. Cal. Mar. 30, 2023) ................................................. 12

*Merrill v. Navegar, Inc.*,
  26 Cal. 4th 465 (2001) ...................................................................................... 20

*In re Meta Pixel Healthcare Litig.*,
  647 F. Supp. 3d 778 (N.D. Cal. 2022) ................................................................ 7

*Miller v. Nat'l Broad. Co.*,
  187 Cal. App. 3d 1463 (1986) ..................................................................... 18, 19

*Nissanoff v. UnitedHealthcare Ins. Co.*
  108 Cal.App.5th Supp. 1 (2024) ....................................................................... 21

*Perry v. Cable News Network*,
  854 F.3d 1336 (11th Cir. 2017) .......................................................................... 9

*Pileggi v. Washington Newspaper Publ'g Co., LLC*,
  2025 WL 2319550 (D.C. Cir. Aug. 12, 2025) ..................................................... 9

*Planned Parenthood Fed'n of Am., Inc. v. Newman*,
  51 F.4th 1125 (9th Cir. 2022) ........................................................................... 16

*Popa v. Microsoft Corp.*,
  No. 24-14, slip op. (9th Cir. Aug. 26, 2025) ....................................... 1, 5, 6, 7, 8

*Retired Emps. Ass'n of Orange Cnty. v. Cnty. of Orange*,
  52 Cal. 4th 1171 (2011) .................................................................................... 21

*Salazar v. Paramount Global*,
  133 F.4th 642 (6th Cir. 2025) ............................................................................. 9

*Sanders v. Am. Broad. Cos.*,
  20 Cal. 4th 907 (1999) ...................................................................................... 18

*Sheen v. Wells Fargo Bank, N.A.*,
  12 Cal. 5th 905 (2022) ................................................................................. 20, 21

*Shulman v. Group W Prods.*, Inc.,
  18 Cal. 4th 200 (1998) ................................................................................. 18, 19

*Solomon v. Flipps Media, Inc.*,
  136 F.4th 41, 52-53 (2d Cir. 2025) ................................................................... 10

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S CLASS ACTION
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

*Sonner v. Premier Nutrition Corp.*,
    971 F.3d 834 (9th Cir. 2020) ................................................................... 22

*Spokeo, Inc. v. Robins*,
    578 U.S. 330 (2016) ..................................................................... 4, 5

*Steel Co. v. Citizens for a Better Env't*,
    523 U.S. 83 (1998) ............................................................................ 4

*Sussman v. AM. Broad. Cos.*,
    186 F.3d 1200 (9th Cir. 1999) ......................................................... 16, 17

*Swarts v. The Home Depot, Inc.*,
    689 F. Supp. 3d 732 (N.D. Cal. 2023) ............................................ 11, 13

*Taus v. Loftus*,
    40 Cal. 4th 683 (2007) ................................................................... 18

*Tavernetti v. Superior Ct.*,
    22 Cal. 3d 187 (1978) .................................................................... 12

*TransUnion LLC v. Ramirez*,
    594 U.S. 413 (2021) .......................................................... 4, 5, 6, 7

*U.S. v. McTiernan*,
    695 F.3d 882 (9th Cir. 2012) .......................................................... 16

*United States v. Forrester*,
    512 F.3d 500 (9th Cir. 2008) .......................................................... 14

*United States v. Texas*,
    599 U.S. 670 (2023) ........................................................................ 3

*Valenzuela v. Keurig Green Mountain, Inc.*,
    2023 WL 6609351 (N. D. Cal. Oct. 10, 2023) ................................... 5

*Valenzuela v. Keurig Green Mountain, Inc.*,
    674 F. Supp. 3d 751 (N.D. Cal. 2023) ............................................. 13

*Weston v. Lefiti*,
    2023 WL 8458249 (S.D. Cal. Dec. 5, 2023), *aff'd*, 2024 WL
    4579237 (9th Cir. Oct. 25, 2024) ................................................... 17

CASE NO:2:25-CV-3332-PA-MBK

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S CLASS ACTION
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

*White v. Lee*,
    227 F.3d 1214 (9th Cir. 2000) ...................................................................... 4

*Winsor v. Sequoia Benefits & Ins. Servs., LLC*,
    62 F.4th at 523 ................................................................................................ 4

*In re Zynga Priv. Litig.*,
    750 F.3d 1098 (9th Cir. 2014) .............................................................. 14, 16

*In re Zynga*,
    750 F.3d at 1116–21 ...................................................................................... 14

**Statutes**

15 U.S.C. § 6502(c) ........................................................................................... 17

15 U.S.C. § 6504(a) ........................................................................................... 17

15 U.S.C. § 6505(a) ........................................................................................... 17

18 U.S.C. § 2510(8) ........................................................................................... 16

18 U.S.C. § 2511(2)(d) ...................................................................................... 16

18 U.S.C. § 2710(a)(1) ........................................................................................ 9

18 U.S.C. § 2710(b)(1) ........................................................................................ 9

18 U.S. Code § 2511(1)(a) ................................................................................. 15

18 U.S. Code § 2511(1)(c)-(d) ......................................................................... 16

Cal. Civ. Code § 1621 ...................................................................................... 21

Cal. Penal Code § 631 ...................................................................................... 12

Cal. Penal Code §631(a) ........................................................................... 5, 11, 12

Cal. Penal Code § 631(a)(4) ............................................................................ 12

California Invasion of Privacy Act ("CIPA") .................... 1, 5, 11, 13, 14, 16, 17

Children's Online Privacy Protection Act ("COPPA") ................................. 17, 20

CASE NO:2:25-CV-3332-PA-MBK

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S CLASS ACTION
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Electronic Communications Privacy Act ("ECPA") (Wiretap Act) ................................................................................. 1, 2, 14, 15, 16, 18

Video Privacy Protection Act ("VPPA") ........................................... 1, 7, 8, 9, 10, 17

**Rules**

Fed. R. Civ. P. 12(b)(1) ............................................................................ 3, 8

Fed. R. Civ. P. 12(b)(6) ................................................................................ 8

**Other Authorities**

https://policies.google.com/terms ................................................................... 3

https://www.facebook.com/legal/terms/ (last visited September 29, 2025) ................................................................................ 3

U.S. Constitution, Article III ............................................. 1, 3, 4, 5, 6, 7, 8

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# **INTRODUCTION**

This case is part of the recent tidal wave of lawsuits claiming alleged violations of privacy for the use of well-known and common website technologies. Like those cases, this one suffers from one key defect – a lack of any specific allegations regarding the named plaintiff's interactions with the website at issue, a lack of any specific allegations regarding any sensitive information about the plaintiff collected or shared, and, most importantly, a lack of any cognizable injury.

Plaintiff fails to allege any facts about her child's (M.O.'s) interaction with Generation Genius' platform – including how and when she accessed it, and what videos she allegedly watched – how Plaintiff's child's information was shared, and, most importantly, fails to allege any facts to support a concrete injury. Dismissal is warranted here for numerous reasons.

First, Plaintiff fails to plead any concrete, particularized harm to establish standing. Rather, Plaintiff asks the Court to simply assume she has standing because she alleges violations of statutes (for which she does not provide sufficient allegations anyway). But that is not the standard under current Supreme Court precedent. Absent a showing of a cognizable injury that is similar to that protected at common law, Plaintiff lacks Article III standing. Indeed, the Ninth Circuit recently confirmed this standard in *Popa v. Microsoft Corp.*, 2025 WL 2448824 at *7 (9th Cir. Aug. 26, 2025).

Second, even if she had standing, Plaintiff did not, and in many cases cannot, allege the required elements of those claims.

Plaintiff's statutory claims are insufficiently pled: (1) her VPPA claim fails because she does not plausibly allege that either she or M.O. is a "consumer," and does not allege the disclosure of "personally identifiable information" under VPPA; and (2) Plaintiff's Wiretap Act (ECPA) and CIPA claims fail because they do not plausibly allege intentional interception of the "contents" of a communication "in transit." Additionally, her CIPA claim fails to allege the requisite intent, and her

CASE NO:2:25-CV-3332-PA-MBK

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF N

ECPA claim fails under the party exception.

Plaintiff's common law claims fare no better. Her privacy claim fails to allege highly offensive conduct by Defendant or an egregious violation of rights. Her implied contract claim fails to allege the formation of any contract. Her negligence claim fails to plead any duty, breach, or harm, and is barred by the economic loss doctrine. And, finally, her unjust enrichment claim fails because Plaintiff has an adequate remedy at law and has not alleged any benefit she or M.O. conferred on Defendant that has been unjustly retained.

Plaintiff's complaint should be dismissed.

## FACTS

Generation Genius is a K–8 educational platform that offers "fun and educational videos paired with lesson plans, activities, quizzes, reading material and more." (Compl.at ¶4.) Generation Genius markets and sells its platform to "school districts, elementary school teachers, and parents seeking educational content for their children." (*Id.* at ¶4.).

Plaintiff is a California resident and alleges that "in or around 2024" M.O. watched prerecorded videos on Generation Genius's platform. (*Id.* at ¶¶15-16.) According to Plaintiff, "Generation Genius' videos are made available to subscribers on the Website, where the videos can be "streamed over the internet…from [a] desktop, tablet or phone." (*Id.* at ¶79.) Yet Plaintiff does not allege that she or M.O. ever subscribed to Generation Genius's platform. Nonetheless, Plaintiff alleges that she did not consent to Generation Genius disclosing "any aspect of . . . M.O.'s use of its Website to third parties," but that Generation Genius did so when M.O. watched videos on the platform. (*Id.* at ¶¶17, 80.) But Plaintiff fails to allege *any* facts about M.O.'s alleged visit(s) including: the date(s); how M.O. accessed the platform; the videos M.O. allegedly viewed; and how M.O. accessed those videos. Perhaps most importantly, Plaintiff fails to allege any concrete harm to her or M.O.

Plaintiff alleges that M.O. accessed the platform using personal devices while

logged into both Google and Facebook accounts (*id.* at ¶18), despite being too young to have such accounts on her own. (*See* https://www.facebook.com/legal/terms/ at 3.1 (last visited September 29, 2025); https://policies.google.com/terms at "Age Requirements." (last visited September 29, 2025).)[1]

While Plaintiff also presents "Figures" in her complaint (*see* Compl. at ¶¶82-83), they are not tied to any session by M.O., and are actually from 2025, well after M.O.'s visit(s) "in or around 2024." (*See* Figure 1 and 2 listing "sid: 1736999824," "cid: 752684954.1736999824" and "auid: 270280939.1736999824" which correspond to January 14, 2025.) Nonetheless, these "Figures" only show the transmission of a page URL/video title plus cookie/device strings (e.g., Google cid/gid/sid/tid; Facebook fbp) and common device attributes. (Compl. at Figures 1-3.) They do not show any disclosure of any personal or sensitive information.

Based on these sparse allegations, Plaintiff attempts to assert seven statutory and common law counts. All of Plaintiff's claims should be dismissed.

## ARGUMENT

## I.  PLAINTIFF LACKS ARTICLE III STANDING

### A.  Applicable Standards under Rule 12(b)(1)

Article III standing is a "bedrock constitutional requirement." *United States v. Texas*, 599 U.S. 670, 675 (2023). A "general legal, moral, ideological, or policy objection" does not create Article III standing. *Food Drug Admin. v. Alliance for Hippocratic Medicine*, 602 U.S. 467, 381 (2024). Under Rule 12(b)(1), a court must dismiss claims where a plaintiff has failed to establish standing under Article III of the U.S. Constitution. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101-02 (1998); *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). Conclusory allegations are insufficient as Plaintiff is required to "clearly . . . allege facts demonstrating each

---

[1] If Plaintiff is granted leave to amend her Complaint, she should be required to identify the type and ownership of M.O.'s Facebook and Google accounts, as those accounts may be subject to additional terms and conditions providing consent.

element." *Winsor v. Sequoia Benefits & Ins. Servs., LLC*, 62 F.4th at 523, *quoting Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Further, even though the present action is brought as a putative class action, Plaintiff must "allege and show that [she] personally [has] been injured." *Id.* (internal quotations and citations omitted).

To establish standing under Article III, a plaintiff must demonstrate that: "(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180-81 (2000); *see Winsor*, 517, 523 (9th Cir. 2023), *quoting TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). Further, in data privacy claims, courts have only recognized standing when plaintiffs can demonstrate that their "injuries are sufficiently particularized." *See, e.g., Gaos v. Google Inc.*, 2012 WL 1094646, at *3 (N.D. Cal. Mar. 29, 2012).

Moreover, a "bare procedural violation" of a statute is not sufficient. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). As the United States Supreme Court stated, "this Court has rejected the proposition that 'a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 426 (2021), *quoting Spokeo*, 578 U.S. at 341. As the *TransUnion* court further explained, "For standing purposes . . . an important difference exists between (i) a plaintiff's statutory cause of action to sue a defendant over the defendant's violation of . . . law, and (ii) a plaintiff's suffering concrete harm because of the defendant's violation of . . . law." *TransUnion*, 594 U.S. at 426-27. Were this not the case, legislatures could "authorize virtually any citizen to bring a statutory damages suit against virtually any defendant who violated virtually any . . . law." *Id.* at 428. Instead, "[o]nly those plaintiffs who have been "*concretely harmed* by a defendant's statutory violation may sue that private defendant over that

violation in federal court." *Id.* at 427 (emphasis in original).

Federal courts in this circuit have followed this distinction. In *Valenzuela v. Keurig Green Mountain, Inc.*, 2023 WL 6609351, *1 (N. D. Cal. Oct. 10, 2023) the court issued an Order to Show Cause "as to whether Plaintiff had sufficiently alleged Article III standing." When the plaintiff relied on her claim of a violation of CIPA Section 631(a) the court rejected that argument: "The question the Court asked is not whether she states a claim under CIPA, but whether she has sufficiently alleged Article III standing. 'Article III standing requires a concrete injury even in the context of a statutory violation.'" *Id.* at *2 *quoting Spokeo*, 578 U.S. 341; *see also Khamooshi v. Politico LLC*, 2025 WL1408896, *5-6 (N.D. Cal. May 13, 2025) (no standing where plaintiff only alleged disclosure of non-private information voluntarily shared with defendant – such as IP address); *Lightoller v. JetBlue Airways Corp.*, 2023 WL 3963823, at *3–4 (S.D. Cal. June 12, 2023) (no Article III standing for CIPA claim where plaintiff did "not allege that she disclosed any personal information when she visited the website"). This is especially true where the complaint fails to identify any specific sensitive information that the plaintiff actually disclosed to the defendant or that the defendant subsequently disclosed to others. *TransUnion*, 594 U.S. at 427; *Byars v. Sterling Jewelers*, 2023 WL 2996686, at *3 (C.D. Cal. 2023).

Indeed, the Ninth Circuit recently reinforced the requirements of *TransUnion*. In *Popa v. Microsoft Corp.*, 2025 WL 2448824 at *7 (9th Cir. Aug. 26, 2025), the Ninth Circuit stated that to perform the proper analysis under *TransUnion,* the Court is required to "look to the *specific* underlying harm experienced by the plaintiff and compare it, in detail, to a *specific* common-law tort. At base—and all we need to acknowledge to decide this case—is that *TransUnion* requires a court to assess whether an individual plaintiff has suffered a harm that has traditionally been actionable in our nation's legal system." *Id.* at *4 (emphasis original). In *Popa* the plaintiff alleged that a website, through a third party's technology, captured various

pieces of information about her use of that website, including screen swipes, text input, and items viewed. Plaintiff made claims under Pennsylvania's wiretapping act as well as a common law claim for invasion of privacy. The Ninth Circuit noted that the only information tracked involved mundane, non-private information. Therefore, the court found the plaintiff did not allege any highly offensive intrusions on her privacy or a disclosure that would be highly offensive to a reasonable person. Thus, her harm was not protected by the common law torts of invasion of privacy and she lacked Article III standing. *Id.* at *5-*7.

### B.    Grabow Has Not Sufficiently Alleged An Injury in Fact

Here, as in *Popa*, Plaintiff's claims are analogized to common law invasion of privacy torts, but those torts focus on the obtaining or disclosure of significantly private information about the plaintiff, not generic web analytics. *See Popa*, 2025 WL 2448824 at *5. Plaintiff's thin allegations regarding M.O.'s experience (Compl. ¶¶ 16, 18) never specify *any* information *about M.O.* that was transmitted to third-parties. Without such facts, Plaintiff cannot establish standing.

To the extent Plaintiff relies on the "figures" in the Complaint, that is also insufficient. Plaintiff labels Figures 1–3 as "for example" depictions of back-end traffic captured while "an Internet user" watches a video and as what occurs "when Website visitors" view content. (Compl. ¶¶ 81, 83–84) But those "for example" figures are not tied to M.O.'s visit "in or around 2024," and Plaintiff never identifies when or how the figures were created. (Compl. ¶ 16).

Moreover, even if Plaintiff could rely on the figures, those examples establish that no private information is transmitted. All the figures show being transmitted is a page URL and video title accompanied by cookie/device strings (e.g., Google cid/gid/sid/tid; Facebook fbp) and routine device attributes. Even if one could consider these unauthenticated "examples" to plead information shared about M.O., that information, as was the case in *Popa*, is mundane, non-private information. This is different from the myriad other cases where invasions were found. *E.g., Campbell*

*v. Facebook, Inc.*, 951 F.3d 1106, 1118–20 (9th Cir. 2020) (scanning the contents of private messages); *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 598–601 (9th Cir. 2020) (surreptitious tracking of detailed browsing histories may implicate intrusion/privacy interests); *In re Meta Pixel Healthcare Litig.*, 647 F. Supp. 3d 778, 792–93 (N.D. Cal. 2022) (patient health information).

Thus, Plaintiff failed to allege facts to support a concrete injury that would have been protected at common law that would establish standing.

The fact that Plaintiff alleges different statutory causes of action than the Plaintiff in *Popa* makes no difference. The question is not what statute is alleged, but rather whether the alleged harm would have been protected at common law. *Popa*, 2025 WL 2448824 at *4. Indeed, *Popa* recognized that any precedent prior to *TransUnion* has questionable authority. *Id.* at *7-8. In specifically referencing prior precedent under VPPA, the Ninth Circuit recognized that it "might analyze that statute differently today, especially after the Supreme Court's decision in *TransUnion*." *Id.* at *8.

Plaintiff attempts to overcompensate for her lack of facts with numerous allegations containing generalized assertions that pixels *can* link to user identities. (Compl. ¶¶ 68–75). But, again, Plaintiff does not link those generalizations to this case, or *any* facts specific to M.O.'s visit(s) to Generation Genius's website. That failure is fatal under Article III. As the Ninth Circuit recently explained, allegations "pitched at a high level of generality" about how tracking tools work—without "allegations plausibly linking" any potential harms to the plaintiff—do not establish concreteness. *Popa*, 2025 WL 2448824 at *6, n.5. Likewise, speculation about a "loss of value" in data fails without facts showing the plaintiff personally lost money or was deprived of the ability to participate in a market for her data. *Greenstein v. Noblr Reciprocal Exch.*, 2022 WL 17418972, at *3 (N.D. Cal. Dec. 5, 2022), *aff'd*, 2024 WL 3886977 (9th Cir. Aug. 21, 2024).

Because the Complaint does not plausibly allege facts to support a showing

of concrete and particularized injury to M.O. caused by Generation Genius, Plaintiff lacks Article III standing, and the claims should be dismissed under Rule 12(b)(1).

## II.    PLAINTIFF FAILS TO SUFFICITNTLY STATE HER CLAIMS

### A.    Applicable Standard under Rule 12(b)(6)

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads *factual* content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556) (emphasis added).

Although the Court must accept all well-pleaded facts as true for purposes of a Rule 12(b)(6) motion, the Court need not assume the truth of legal conclusions merely because they are pleaded in the form of factual allegations. *Iqbal,* 556 U.S. 677-79; *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (*per curiam*). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

### B.    Grabow Fails to Adequately Allege a VPPA Violation

Plaintiff's Video Privacy Protection Act ("VPPA") claim fails for two independent reasons: (1) neither she nor M.O. is plausibly alleged to be a VPPA "consumer," and (2) the pleading does not allege disclosure of VPPA "personally identifiable information."

First, liability under VPPA attaches only if the disclosure concerns a "consumer," defined as a "renter, purchaser, or subscriber of goods or services from a video tape service provider." 18 U.S.C. § 2710(a)(1), (b)(1). Free, or transitory access does not make someone a VPPA "subscriber;" rather, a deliberate, ongoing affiliation—such as account registration or payment-linked access—is required. See *Pileggi v. Washington Newspaper Publ'g Co., LLC*, 2025 WL 2319550, at *1, *8–

12 (D.C. Cir. Aug. 12, 2025) (VPPA consumer requires renting, purchasing, or subscribing to a video good or service; newsletter alone insufficient)*Salazar v. Paramount Global*, 133 F.4th 642, 652-53 (6th Cir. 2025) (subscription to newsletter insufficient); *Perry v. Cable News Network*, 854 F.3d 1336, 1340–41 (11th Cir. 2017); *Ellis v. Cartoon Network, Inc.*, 803 F.3d 1251, 1256–58 (11th Cir. 2015).

Applying that standard here, Plaintiff's claim fails. The Complaint alleges only that "in or around 2024" M.O. used personal devices to watch prerecorded videos on the Generation Genius website. (Compl. ¶ 16.) It does not allege that Plaintiff or M.O. created an account, made any payment to Generation Genius, logged into an account, nor any other facts showing some ongoing affiliation. While Plaintiff alleges that Generation Genius "markets and sells" its platform and that videos are available "to subscribers," she does not tie those allegations to M.O.'s visit. Thus, neither Plaintiff nor her child are "consumers."

If Plaintiff attempts to suggest that she or M.O. made an account, logged in, or subscribed, such allegations are not included in her Complaint. Moreover, these details (when the account was created, who created it, under what email, the type of account, etc.) are important. When creating an account on Generation Genius, the user agrees to various terms, including required arbitration and a class action waiver. The Complaint does not provide enough information for Generation Genius to confirm if M.O. accessed the website through an account, and, if so, which account. Moreover, depending on when "in or around 2024" M.O. accessed the website, various settings, banners and notifications may have required a consent to the alleged collection of information. Generation Genius reserves the right to argue for application of the arbitration requirement, class action waiver and other defenses, if Plaintiff provides, or Generation Genius discovers, facts showing that they are applicable.

Second, even if Plaintiff alleged a "consumer" relationship, the VPPA claim fails. VPAA requires the disclosure of personally identifiable information ("PII").

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S CLASS ACTION
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

The Ninth Circuit holds that PII under VPPA means information that would "readily permit an *ordinary person* to identify a specific individual's video-watching behavior." *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 985–86 (9th Cir. 2017) (emphasis added); *see also Solomon v. Flipps Media, Inc.*, 136 F.4th 41, 52-53 (2d Cir. 2025). Plaintiff does not allege what specific information about M.O. she claims was shared. Moreover, the undated and unauthenticated figures only show identification of a title/URL plus cookie or device attributes (e.g., Google cid/gid/sid/tid; Facebook fbp) and routine device details—not information that would readily permit an "ordinary person" to identify M.O.'s viewing behavior. Speculation that third parties could internally cross-reference cookies is not enough. *See Eichenberger*, 876 F.3d at 985–86 (disclosure of a Roku device identifier plus video titles is not PII because it does not "readily permit an ordinary person to identify a specific individual's video-watching behavior," rejecting reliance on the recipient's internal cross-referencing).

Plaintiff's conclusory label that the information allegedly transmitted was "Private Children's Data," is insufficient. Plaintiff is required to plead facts to support her claims. She has not done so. *Ashcroft*, 556 U.S. at 678–79.

For these reasons, Count I should be dismissed.

## C.    Grabow Fails to Adequately Allege a CIPA § 631(a) Violation

Section 631(a) contains four clauses: (1) intentional wiretapping; (2) willfully reading the "contents or meaning" of a communication in transit over a wire without consent; (3) attempting to use or disclose information obtained through either of the first two actions; or (4) aiding, agreeing with, employing, or conspiring with others to violate the prior three clauses. Cal. Penal Code §631(a). As shown below, Plaintiff can only proceed under clause four, but has not, and cannot, allege facts to support that claim.

### 1.    Clauses One Through Three Do Not Apply

Courts uniformly recognize that clause one is limited to telephonic

10

communications and does not apply to websites. *See Licea v. Am. Eagle Outfitters, Inc.*, 2023 WL 2469630, at *4 (C.D. Cal. Mar. 7, 2023); *Swarts v. The Home Depot, Inc.*, 689 F. Supp. 3d 732, 743 (N.D. Cal. 2023). Therefore, Plaintiff cannot rely on clause 1 of CIPA.

Clause two does not apply to a party to the communication. *See* Cal. Penal Code § 631(a); *Swarts*, 689 F. Supp. 3d at 744–45; *Graham v. Noom, Inc.*, 533 F. Supp. 3d 823, 832 (N.D. Cal. 2021); *In re Facebook Internet Tracking Litig.*, 263 F. Supp. 3d 836, 845 (N.D. Cal. 2017). The Complaint here admits that M.O. had "communications with Defendant," making Generation Genius a party. (Compl. at ¶¶182, 284.) Therefore, as a party to the communications, Generation Genius cannot directly violate clause two of CIPA.

Clause three rises and falls with clauses one or two. *Swarts*, 689 F. Supp. 3d at 744; *In re Google Assistant Privacy Litig.*, 457 F. Supp. 3d 797, 827 (N.D. Cal. 2020). With no viable clause-one or clause-two theory against Generation Genius, clause three necessarily fails.

### 2.    The Fourth Clause Is Not Plausibly Pled

Plaintiff is therefore left with relying on clause four's "aiding/agreeing/employing/conspiring" language. That theory fails for two independent reasons.

#### a.    No facts showing the required intent/knowledge

Clause four imposes only derivative liability: a defendant is liable under §631(a)(4) only if it "aids, agrees with, employs, or conspires with" someone else to commit a clause-one-to-three violation. Cal. Penal Code § 631(a); *Martin v. Sephora USA, Inc.*, 2023 WL 2717636, at *11–12 (E.D. Cal. Mar. 30, 2023) (clause-four liability is derivative and fails absent a predicate cl. 1–3 violation). Because the statute is criminal in nature and does not define those verbs, courts import criminal aiding-and-abetting standards, which require allegations that the defendant knew the third party's conduct would breach §631(a) and intended to facilitate that breach (or

gave substantial assistance amounting to its own breach). *See* Cal. Penal Code § 631(a) (prescribing fines and imprisonment); *Tavernetti v. Superior Ct.*, 22 Cal. 3d 187, 196 (1978) (Section 631 "prescribes criminal penalties" for distinct patterns of conduct); *Esparza v. UAG Escondido A1 Inc.*, 2024 WL 559241, at 6 (S.D. Cal. Feb. 12, 2024) (applying common-law aiding-and-abetting standards). Here, Plaintiff does not plead any non-conclusory facts that Generation Genius knew any vendor intended to unlawfully intercept the contents of communications in-transit, or that Generation Genius intended to facilitate such a violation. Therefore, clause four's mental-state requirement is not satisfied.

### b.    No adequately pled underlying violation

Plaintiff's clause four claim should also be dismissed because Plaintiff fails to allege a predicate violation by the alleged interceptor (here, Meta/Google). The Complaint does not plausibly allege that Meta or Google intercepted the "contents or meaning" of any message "in transit."

First, Plaintiff's "in transit" assertions are bare conclusions—"real-time," "during the communications," "simultaneously and contemporaneously"— unsupported by specifics about *when* the supposed interception occurred in the request/response path or *how* any device/JavaScript captured content *before* receipt. (Compl. ¶¶5, 167, 182, 183). Courts reject such *ipse dixit* allegations. *See Esparza v. Gen Digital, Inc.*, 2024 WL 655986, *4 (C.D. Cal. Jan. 16, 2024) (allegations that software "automatically acquires and transmits" communications "in real time" merely restate the element and do not show contemporaneous interception); *Valenzuela v. Keurig Green Mountain, Inc.*, 674 F. Supp. 3d 751, 758 (N.D. Cal. 2023) ("simultaneity claims are just too conclusory to survive" absent details of how interception occurs); *Licea v. Am. Eagle Outfitters, Inc.*, 659 F. Supp. 3d 1072, 1085 (C.D. Cal. 2023) (same); *Swarts*, 689 F. Supp. 3d at 746.

In fact, Plaintiff's complaint admits the alleged interception *does not* occur "in transit." In *Crano v. Sojern, Inc.*, 2025 WL 2689267, at *7 (N.D. Cal. Sept. 19,

2025) the plaintiff brought a nearly identical "pixel" suit, and the court dismissed the CIPA interception in transit claim. The court found that the complaint's own allegations described "redirection" of data to a vendor, not interception "while the [communication] is in transit." *Id.* That is similar to Plaintiff's allegations here: cookies collect information about the user, pixels obtain information from the browser, "[t]he Pixel *then* combines the  data it received from the browser with the data it acquired from the cookie, and instructs the web browser to transmit the information. . .." (Compl. ¶¶ 70–71; emphasis added.) Thus, Plaintiff admits that the information is not intercepted "while in transit" but rather two functions gather data, *then* combine it, and *then* request that the browser send information to third parties. Like *Crano* this fails to meet the requirements of CIPA.

Plaintiff also fails to plead that any contents of communications were intercepted. "'Contents' refers to the intended message conveyed by the communication, and does not include record information regarding the characteristics of the message that is generated in the course of the communication." *In re Zynga Priv. Litig.*, 750 F.3d 1098, 1106 (9th Cir. 2014). Thus, routing/record information (e.g., device/browser identifiers, referrer URLs identifying the webpage) does not qualify as "contents." *Id.* at 1106–08 (referrer header information including URLs and facebook IDs not "contents"); *see also United States v. Forrester*, 512 F.3d 500, 510–11 (9th Cir. 2008) (IP addresses and to/from addressing akin to "envelope" information, not content). But the only information Plaintiff claims was transmitted is that disclosed in her "Figures," which are not linked to M.O.'s interactions with Generation Genius's platform. But those figures show that no "contents" were disclosed. Rather they simply show the disclosure of characteristics such as cookie values, device/browser attributes, and URLs associated with site interactions. (Compl. ¶¶ 159–63). As such, Plaintiff has not pled the transmission of "contents." *In re Zynga*, 750 F.3d at 1106.

Additionally, Plaintiff is likely to assert a "URL-is-contents" theory – *i.e.,* that

the URL of the relevant video constitutes "contents" of a communication (Compl. ¶¶ 81, 83.). That argument fails. First, Plaintiff has no allegations about *any* information transmitted during M.O.'s alleged visit(s) to Generation Genius's platform, let alone that any URL that could be considered "contents" was shared. Moreover, Plaintiff's figures (to the extent they can be relied upon) show a page address (a URL slug mirroring the video title) with cookie/device fields—i.e., addressing/record information. Under the Wiretap Act, which has the same standard for determining "contents" as CIPA, basic URLs/referrers are not "contents" unless they embed a user-originated message (such as a search query). See *In re Zynga*, 750 F.3d at 1116–21 (URLs/Facebook IDs are address/record information, not contents; only a URL that itself carries a user's substantive request—e.g., a search term— might be different). Thus in, *Castillo v. Costco*, 2024 WL 4785136, (W.D. Wash. Nov. 14, 2024), the court found that the plaintiffs adequately pled the interception of contents because they "allege that they searched for information about 'patient status, prescriptions, underlying health conditions, and other Sensitive Information,'" *Id.* at *4-5. Here, Plaintiff does not provide any allegations that she or M.O. performed any searches, accessed the page for any video via a search, or that any such search terms were included in any URL or other information provided to third-parties.

For these reasons, Plaintiff's clause-four aiding-and-abetting claim against Generation Genius fails.

### D.    Plaintiff's ECPA Claim Fails As A Matter Of Law

Plaintiff's ECPA count hinges on the conclusory premise that Defendant "intercepted" M.O.'s communication and then "disclosed" and "used" the "contents" of those communications. (*See, e.g.*, Compl. ¶¶ 152–71.) Plaintiff's allegations fail for at least three independent reasons.

### 1.    No Plausible "Interception" "In Transit"

To state a § 2511(1)(a) claim, Plaintiff must plausibly allege an "interception,"

i.e., an acquisition of contents contemporaneous with transmission, not access to data before or after transmission. *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (9th Cir. 2002) (interception requires acquisition "contemporaneous with transmission").

As noted above, the Complaint fails to plead concrete facts regarding how, when, or by what mechanism any "contents" were captured during transmission. Instead, it repeats labels such as "simultaneous," "unknown duplication," and "contemporaneously shares," without factual detail. (Compl. ¶¶ 5, 160–63, 167–68). Such threadbare assertions merely recite an element and are insufficient. See, e.g., *Konop*, 302 F.3d at 878 (rejecting non-contemporaneous theory). Because Plaintiff has not plausibly alleged a contemporaneous acquisition, the § 2511(1)(a) claim fails—and with it the derivative "disclosure" and "use" claims under § 2511(1)(c)–(d), which require that information be "obtained through" an unlawful interception.

### 2.    Plaintiff Fails to Plead the Transmission of "Contents"

ECPA protects the "contents" of a communication, that is, information concerning its "substance, purport, or meaning." 18 U.S.C. § 2510(8). The standard for contents under ECPA is the same as that under CIPA. *E.g., Brodsky v. Apple, Inc.*, 445 F. Supp. 3d 110, 127 (N.D. Cal. 2020). Thus, as with CIPA, "contents" is limited to the intended message, and does not include information regarding the characteristics of the message. *In re Zynga*, 750 F.3d at 1106. As noted above (Section II.2.b. *supra*) all of the alleged transmissions consist merely of characteristics and not contents.

### 3.    The Party Exception Bars the Claim

Additionally, ECPA expressly permits a party to the communication to consent to interception. The only exception is if the communication is intercepted for the purpose of committing a criminal or tortious act. 18 U.S.C. § 2511(2)(d). Plaintiff's own theory is that M.O. communicated with Generation Genius's website. (Compl. ¶¶ 155–58 (communications between users and Defendant's website).)

Because Generation Genius is a "party," in order to state an ECPA claim, Plaintiff was required to allege that the "communication was intercepted for the purpose of committing [a] criminal or tortious act . . .." 18 U.S.C. § 2511(2)(d). More specifically, Plaintiff was required to allege that Generation Genius's "purpose for the interception – its intended use – was criminal and tortious." *U.S. v. McTiernan*, 695 F.3d 882, 889 (9th Cir. 2012), *quoting Sussman v. AM. Broad. Cos.*, 186 F.3d 1200, 1202 (9th Cir. 1999); *see also Planned Parenthood Fed'n of Am., Inc. v. Newman*, 51 F.4th 1125, 1135 (9th Cir. 2022).

But Plaintiff's own allegations admit she cannot do so. Plaintiff alleges that the various technologies are used to gather information for marketing and advertising purposes. (Compl. at ¶¶10 (tools installed for "its marketing efforts"), 88 (information collected and shared "in exchange for compensation in the form of the valuable information available in the Tracking Tools. Then, that data is subsequently used to make data profiles *for advertising purposes*.") (emphasis added), 97 (Generation Genius "receive[d] access to advertising and marketing analytics services"), 98 (receipt of "cost-effective marketing").) Indeed, in alleging her negligence claim, Plaintiff affirmatively claims that Generation Genius "omitted to inform Plaintiff . . . that it would use the [data] *for marketing purposes*." (emphasis added). (*See also Id.* at ¶209 ("exchanged [the data] for marketing and advertising services.") Plaintiff thus fails to satisfy the crime-tort exception. *Lakes v. Ubisoft, Inc.*, 777 F. Supp. 3d 1047, 1058 (N.D. Cal. 2025) (crime-tort exception did not apply where plaintiff alleged the "purpose of the interception was . . . to make money."), *appeal filed* (May 2, 2025). Plaintiff's conclusory allegations that Generation Genius' purpose was to violate VPPA or CIPA, invasion of privacy, and breach of implied contract (Compl. at ¶168) are insufficient as she never alleges any *facts* to show this was Generation Genius' purpose at the time of the interception. This is especially true where, as explained herein, those claims are insufficiently pled. *Weston v. Lefiti*, 2023 WL 8458249, at *4 (S.D. Cal. Dec. 5, 2023), *aff'd*, 2024

16

CASE NO:2:25-CV-3332-PA-MBK

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S CLASS ACTION
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

WL 4579237 (9th Cir. Oct. 25, 2024).

Any attempt to rely on a violation of COPPA by intercepting information about M.O. would be incorrect. COPPA creates no private right of action and vests enforcement exclusively in public authorities (FTC and state AGs). 15 U.S.C. §§ 6504(a), 6505(a), 6502(c). Courts applying the Wiretap Act's crime-tort proviso require an independent criminal or tortious purpose beyond the interception itself; regulatory noncompliance of COPPA by recording cannot fill that role. *See Sussman*, 186 F.3d at 1202–03; *Caro v. Weintraub*, 618 F.3d 94, 100–02 (2d Cir. 2010) (plaintiff must allege a separate tort—not just the recording); *In re Google Cookie Placement Consumer Privacy Litig.*, 806 F.3d 125, 145 (3d Cir. 2015) (crime-tort exception requires purpose to commit a distinct tort/crime).

The ECPA count should be dismissed.

### E.    Plaintiff's Intrusion Upon Seclusion (Count II) Fails

To state a claim for intrusion upon seclusion, a plaintiff must plead an intentional intrusion into a private place, conversation, or matter in a manner highly offensive to a reasonable person, and resulting harm. *Shulman v. Group W Prods.*, Inc., 18 Cal. 4th 200, 231 (1998); *Hernandez v. Hillsides, Inc.*, 47 Cal. 4th 272, 286–89 (2009); *Taus v. Loftus*, 40 Cal. 4th 683, 725 (2007).

### 1.    No Legally Protected Privacy Interest

The intrusion-upon-seclusion tort protects only against serious, highly offensive intrusions into private affairs—not the routine collection of impersonal web telemetry like device IDs or referrer URLs." See *Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal. 4th 1, 35–37 (1994) (serious-invasion requirement); *In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1063 (N.D. Cal. 2012) (disclosure of UDIDs, personal data, geolocation not an egregious breach).

Moreover, the "offensiveness" inquiry is context-specific and demanding—considering the degree, setting, and motives of the intrusion. *Shulman*, 18 Cal. 4th at 231–32; *Hernandez*, 47 Cal. 4th at 287–89; *Sanders v. Am. Broad. Cos.*, 20 Cal.

4th 907, 914–15 (1999).

Plaintiff does not satisfy these elements. Plaintiff's theory is based on routine interactions with a public-facing website and the alleged transmission of page URLs, video titles, cookie values or device/browser identifiers, and similar request metadata. Those allegations do not describe entry into a secluded physical space, secret monitoring of a private conversation, or prying into intimate personal affairs. *See Shulman*, 18 Cal. 4th at 231–33 (intrusion focuses on "penetration" into private affairs or secluded places); *Miller v. Nat'l Broad. Co.*, 187 Cal. App. 3d 1463, 1482–84 (1986) (illustrating the kind of home-invasion facts that qualify). Interacting with a website is the opposite of seclusion: by definition, the user is intentionally communicating with the website.

### 2.   No Egregious Invasion Occurred

Plaintiff also fails to plead an invasion that is highly offensive and constitutes an egregious breach of social norms. The intrusion tort protects mental tranquility from a serious, highly offensive incursion into a private place, conversation, or matter; it does not redress generalized displeasure with ordinary data flows. See *Shulman,* 18 Cal. 4th at 231; *Hill,* 7 Cal. 4th at 37; *Miller,* 187 Cal. App. 3d at 1484. Consistent with these standards, courts reject claims grounded in abstract harms ("loss of privacy," "loss of trust," generalized upset) where the alleged conduct reflects routine, non-egregious information practices. See *In re iPhone Application Litig.,* 844 F. Supp. 2d at 1063 (disclosure of device identifiers, personal data, and geolocation to third parties—even without consent—was not an egregious breach). Plaintiff fails to plead any egregious methods such as concealed devices, physical or quasi-physical eavesdropping in a private space, and no other "highly offensive" method. She only alleges routine network requests associated with page and video delivery and related analytics. That is insufficient as a matter of law.

To the extent Plaintiff relies on *A.B. by & Through Turner v. Google LLC*, 737 F. Supp. 3d 869, 884 (N.D. Cal. 2024), that reliance is misplaced. In *A.B.*,

Google developed a "Designed for Families" program, segregating apps aimed at children from those for mixed audiences. *Id.* at 875-76. This segregation was to prevent information collection of, and targeted advertising to, children under 13. *Id.* at 875-76. To enforce this program, Google reviewed apps prior to placing them in the app store. *Id.* at 875-76. Nonetheless, a number of apps that were aimed at children under 13, were allegedly instead designated for "mixed audiences" allowing the data collection and targeted advertising. The court found that this violated COPPA and was an egregious intrusion under California law. *Id.* at 884-85. But that is a far cry from the situation here. Where Google represented that certain apps would or would not collect data and target advertising by their categorization, here, Plaintiff does not allege that Generation Genius made any representations to Plaintiff or M.O. or that either reviewed any of Generation Genius's policies or terms prior to use. Moreover, Google and its partners allegedly used that data to send targeted advertising to children under 13. Here, Plaintiff makes no such allegations. Moreover, other courts have rejected the argument that collection of data is egregious simply because it involves minors. *Hubbard v. Google LLC*, 2024 WL 3302066, at *8 (N.D. Cal. July 1, 2024) (rejecting *A.B.* as "violations of law do not necessarily represent highly offensive behavior," and collecting cases).

### F.    Plaintiff's Negligence (Count V) Fails

"To state a cause of action for negligence, a plaintiff must show that the defendant had a duty to use due care, that the defendant breached that duty, and that the breach was the proximate or legal cause of the resulting injury." *Merrill v. Navegar, Inc.*, 26 Cal. 4th 465, 477 (2001). California also bars recovery in negligence for purely economic losses unaccompanied by personal injury or property damage. *Sheen v. Wells Fargo Bank, N.A.*, 12 Cal. 5th 905, 922–25 (2022); *Aas v. Superior Court*, 24 Cal. 4th 627, 635–36 (2000).

The pleading identifies no cognizable common-law duty independent of the statutory theories that fail above. Plaintiff's "duty" allegations simply claim a vague

obligation to obtain consent and to prevent third-party receipt of routine web telemetry during site use. California courts do not recognize a "universal duty" of care in every situation. See, e.g., *Sheen*, 12 Cal. 5th at 920.

But even if Plaintiff could establish a duty, she does not plausibly allege breach. The Complaint describes ordinary interactions with a public-facing website and the alleged transmission of page URLs, video titles, cookie strings, and device/browser attributes—nothing approaching a negligent act causing injury.

Moreover, Plaintiff does not sufficiently plead non-speculative damages. She only alleges vague, non-specific harms. That is not sufficient. *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1030–33 (N.D. Cal. 2012) (dismissing negligence claims predicated on collection/transmission of device identifiers and usage data where no specific harms alleged).

Additionally, Plaintiff's negligence claim is barred by the economic loss doctrine. California law prohibits recovery of purely economic losses in tort "unaccompanied by physical or property damage." *Sheen*, 12 Cal.5th at 922. Here, Plaintiff does not plausibly allege any personal injury or physical damages to property, but still seeks economic damages. Her negligence claim is barred.

Count V should therefore be dismissed.

### G.    Plaintiff's Breach of Implied-in-Fact Contract (Count VI) Fails

Like a written contract, an implied-in-fact contract requires mutual assent. The difference is in the "mode of proof" as the mutual assent for implied contracts is manifested by the parties' conduct. Cal. Civ. Code § 1621; *Aton Ctr., Inc. v. United Healthcare Ins. Co.* 93 Cal.App.5th 1214, 1230 (2023); *Nissanoff v. UnitedHealthcare Ins. Co.* 108 Cal.App.5th Supp. 1, 13 (2024). Mutual assent cannot be based solely on a plaintiff's unilateral expectations. *See e.g., Retired Emps. Ass'n of Orange Cnty. v. Cnty. of Orange*, 52 Cal. 4th 1171, 1178–79 (2011) (implied contractual rights turn on the parties' intent; language or circumstances must clearly evince intent to create them); *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th

317, 336–44 (2000) (employee's subjective expectations and longevity are insufficient; requiring employer's words or conduct to show mutual assent); *Division of Labor Law Enforcement v. Transpacific Transportation Co.* 69 Cal.App.3d 268, 275 (1977). Additionally, the essential terms must be sufficiently certain to make performance and breach ascertainable; if material terms are indefinite, no contract is formed. *Bustamante v. Intuit, Inc.*, 141 Cal. App. 4th 199, 209 (2006).

Plaintiff has not satisfied those requirements. Plaintiff alleges that by "provid[ing] … Private Children's Data … in exchange for services," an implied promise arose that Generation Genius would "safeguard and not disclose" information without consent. (¶¶ 199–206.) That allegation does not identify any words, conduct, or action by Generation Genius establishing mutual assent to definite terms. Indeed, Plaintiff never identifies *any* supposed terms of this implied contract.

Count VI should therefore be dismissed.

### H.    Plaintiff's Unjust Enrichment / Restitution (Count VII) Fails

Under California law, "unjust enrichment" is not an independent cause of action; courts construe it as a quasi-contract claim for restitution requiring that the defendant received a benefit at the plaintiff's expense and unjustly retained it. *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015). Equitable restitution is also unavailable where an adequate remedy at law exists. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844–45 (9th Cir. 2020). Plaintiff's claim fails for two reasons.

First, Plaintiff admits that she has an adequate remedy at law. Specifically, she pleads requests for compensatory damages, statutory damages, and punitive damages, and asserts claims under various statutes and common law that would result in a legal remedy. (See Compl. ¶ 206 ("compensatory, consequential, and/or nominal damages"), Counts I-VI, Prayer for Relief ¶ D ("actual, consequential, punitive, statutory and nominal damages").)  That forecloses restitution under

1  *Sonner*.

2      Second, while Plaintiff alleges a "benefit" consisting of data allegedly

3  "exchanged for marketing and advertising services" (¶¶ 207–210), she does not

4  plausibly allege that *she* conferred a specific, measurable benefit on Generation

5  Genius, that Generation Genius retained any such benefit from *her*, or why retention

6  would be unjust.

7      Therefore, Count VII should be dismissed.

8                          **<u>CONCLUSION</u>**

9      Plaintiff has failed to allege any concrete injury, thus depriving her of standing

10 to sue. Moreover, Plaintiff has simply failed to plead any *facts* to support the

11 elements of her claims. Therefore, for all of the foregoing reasons, Plaintiff's

12 Complaint should be dismissed with prejudice.

13

14 Dated:  September 29, 2025        CLARK HILL LLP

15

16

17                              By: _____

18                                  Paul Schmeltzer

19                              **Attorney for Defendant GENERATION**

20                              **GENIUS, INC.**

21

22

23

24

25

26

27

28

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S CLASS ACTION
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

### DECLARATION OF COMPLIANCE WITH LOCAL RULE 7-3

I, Paul Schmeltzer, declare:

1. On September 22, 2025, I, along with my colleague Peter Berk (*pro hac vice* forthcoming) conferred by video with attorney for Plaintiff, Sonjay Singh, regarding Defendant's contemplated motion to dismiss.

2. We discussed the issues contained in the Argument section of Defendant's Memorandum of Points and Authorities:

- Standing: Defendant's position is that Plaintiff has failed to allege a sufficient injury in fact under current precedent. Plaintiff's position is that Plaintiff has alleged a sufficient injury based on the alleged violations of statutes, invasion of privacy, negligence, breach of implied contract and unjust enrichment by Defendant;

- VPPA: Defendant's position is that Plaintiff does not qualify as "consumer" under VPPA, and that Plaintiff does not allege the disclosure of personally identifiable information. Plaintiff's position is that Plaintiff is a "consumer" due to a need to log in to the platform, and personal identifiers were disclosed in connection with specific video content;

- CIPA §631(a): Defendant's position is that Plaintiff cannot allege a violation of the first three clauses of §631(a), and that, as to the fourth clause, Plaintiff has not alleged the requisite mental state for such liability, and has failed to allege that there was the interception of the (a) contents of a communication while (b) in transit. Plaintiff's position is that she did allege the requisite mental state based on precedent and that there was an interception of the contents of a communication in transit;

- ECPA (Wiretap Act): Defendant's position is that there was no separate, contemporaneous interception of the contents of communications, and the party exception bars the claim. Plaintiff's position is that there was an interception of the contents of a communication in transit and that the crime-tort exception to the party exception – based on the other violations alleged in the complaint – applies;

- Invasion of privacy: Defendant's position is that Plaintiff failed to allege an

egregious invasion into a private area. Plaintiff's position is that the violation of statutes, including COPPA, make the invasion egregious and that there was an invasion due to the covert transmission of data.

- **Negligence:** Defendant's position is that Plaintiff failed to allege an existing duty, and a breach of that duty causing actual harm. Additionally, Defendant's position is that Plaintiff's claim is barred by the economic loss doctrine. Plaintiff's position is that there was a duty to protect minors from data collection and Defendant breached that duty causing damages as alleged, and that the doctrine does not bar the claim;

- **Implied Contract:** Defendant's position is that Plaintiff failed to allege the requirements that an implied contract was formed. Plaintiff's counsel stated he would review this claim, but has not yet fully responded;

- **Unjust Enrichment:** Defendant's position is that Plaintiff failed to allege any benefit *she* provided to Defendant or that the retention of any benefit was unjust and that Plaintiff has an adequate remedy at law, barring this claim. Plaintiff's position is that the claim is properly pled in the alternative and that she has sufficiently alleged a benefit unjustly retained by the Defendant.

      3.      Despite good-faith efforts, we were unable to resolve the issues.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 29, 2025, at Los Angeles, California.

_____

Paul Schmeltzer
Clark Hill LLP
555 South Flower Street, 24th Floor
Los Angeles, CA 90071
Phone: (323) 497-4493
Email: pschmeltzer@clarkhill.com
Counsel for Defendant

CASE NO:2:25-CV-3332-PA-MBK

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1

## **CERTIFICATE OF COMPLIANCE**

2      The undersigned, counsel of record for Defendant GENERATION GENIUS,

3  INC., certifies that this memorandum of points and authorities contains 6,958

4  words, which:

5          X - complies with the word limit of L.R. 11-6.1

6          ☐ - complies with the word limit set by court order dated _____.

7  Date: September 29, 2025.

8

9  _____

10          Paul Schmeltzer, Esq.

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing document(s) with the Clerk of the Court for the United States District Court, Central District of California, by using the Court's CM/ECF system on September 29, 2025

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the Court's CM/ECF system.


*/s/ Hiba Hammad*
Hiba Hammad

CASE NO:2:25-CV-3332-PA-MBK

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF